UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


ISAAIH XAVIEZER ASH,

              Plaintiff,

v.                                      Case No. 3:20-cv-1021-J-39PDB

CEDRICK MAY, et al.,

              Defendants.
_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Isaaih Xaviezer Ash, a pretrial detainee at the Columbia County Detention Facility, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Compl.) and a motion for preliminary injunction (Doc. 2; Motion). Plaintiff moves to proceed in forma pauperis (Doc. 4).

Plaintiff names as Defendants four corrections officers for their alleged interference with his ability to submit grievances and send mail. See Compl. at 2-4. Plaintiff alleges Defendant Stapleton refused to send a letter to the NAACP on August 26, 2020; Defendant May blocked his request to file a grievance using the kiosk; and unnamed officers changed the address on one of his envelopes. Id. at 7-8. As relief, Plaintiff asks that Defendant Stapleton "have no contact with any of [his] legal mail . . . [and] that [Defendant] May be held responsible along with [Defendant]

Stapleton for violating [his] constitutional [sic] protected rights." Id. at 10. He also seeks monetary damages.[1] Id. Aside from monetary damages, Plaintiff seeks essentially the same relief in his motion for preliminary injunction. See Motion at 2.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration,

---

[1] In his complaint, Plaintiff references "attached documents." It appears he is referencing the documents included with his motion for preliminary injunction, which the Court has reviewed.

and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

To state a claim for a denial of access to the courts, a plaintiff must allege an "actual injury." Lewis v. Casey, 518 U.S. 343, 349 (1996); see also Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). "Actual injury may be established by

3

demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by . . . an official's action." Barbour, 471 F.3d at 1225 (citations omitted). The Eleventh Circuit has held a prisoner asserting an access-to-courts violation must allege the defendant's conduct interfered with a criminal appeal, a petition for habeas corpus, or a civil rights action. Al-Amin v. Smith, 511 F.3d 1317, 1332 (11th Cir. 2008) ("[P]rison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action." (quoting Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998))).

Accepting as true that Defendant Stapleton refused to mail Plaintiff's letter to the NAACP, Plaintiff fails to allege Defendant Stapleton interfered with his ability to pursue a nonfrivolous criminal appeal, a habeas case, or a civil rights case. Plaintiff does not identify the content of the letter, nor does he allege he missed a filing deadline in a post-conviction matter or a civil rights action. Accordingly, Plaintiff does not state a plausible claim for relief against Defendant Stapleton.

Plaintiff also fails to state a claim against Defendant May for alleged interference with the jail grievance process. The Eleventh Circuit has held a claim that a jail official interfered with an inmate's access to the grievance process is frivolous because "a prison grievance procedure does not provide an inmate

with a constitutionally protected interest." Bingham, 654 F.3d at 1177.

Finally, Plaintiff does not assert factual allegations against the remaining two Defendants, aside from a conclusory assertion that all Defendants, including Brown and Newcomb, "played a role in this illegal process." See Compl. at 10. To the extent Plaintiff asserts Defendants Brown and Newcomb participated in the conduct he alleges against Defendants Stapleton and May, Plaintiff's claim fails for the reasons already stated.

Plaintiff's complaint is due to be dismissed and, for that reason, his motion for preliminary injunction is due to be denied. To demonstrate entitlement to injunctive relief, a movant must satisfy four elements, including "a substantial likelihood of success on the merits" and irreparable injury. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Because Plaintiff fails to state a plausible claim for relief against Defendants, he is unable to demonstrate a likelihood of success on the merits of his purported claims. He also fails to show he faces a threat of irreparable injury given he complains about past harm. Moreover, Plaintiff's motion is facially deficient because it does not comply with this Court's Local Rules. See M.D. Fla. R. 4.05(b)(1)-(4), 4.06.

Accordingly, it is

**ORDERED:**

1.    Plaintiff's motion for preliminary injunction (Doc. 2) is **DENIED**.

2.    This case is **DISMISSED without prejudice.**

3.    The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of September 2020.

_____

BRIAN J. DAVIS
United States District Judge


Jax-6
c:  Isaaih Xavizer Ash

6